# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>JOE CLYDE WEINANT<br>SSN / ITIN: xxx-xx-9933<br><br>    Debtor. | CASE NO.: 23-15585 MER<br>Chapter 7 |
| THOMAS GOLEC, MARA LYNN LOONEY, MARK K. NICHOLSON, ANDREW H. SOLIDAY, LAURIE A. SOLIDAY, ANDREW A. SOLIDAY, and JEANNE M. WICKS,<br><br>    Plaintiffs,<br><br>v.<br><br>JOE CLYDE WEINANT,<br><br>    Defendant. | Adv. Pro. No. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Thomas Golec ("Golec"), Mara Lynn Looney ("Looney"), Mark K. Nicholson ("Nicholson"), Andrew H. Soliday ("Andrew"), Laurie A. Soliday ("Laurie"), Andrew A. Soliday ("Drew"), and Jeanne M. Wicks ("Wicks") (collectively "Plaintiffs"), by and through their counsel, Coan, Payton & Payne LLC, and Ferguson Schindler Law Firm, P.C., pursuant to 11 U.S.C. §523, for its Complaint to Determine Dischargeability of Debt, state and allege as follows:

### SUMMARY OF THE CASE

1. Over the course of several years, Joe Clyde Weinant (the "Debtor" or "Weinant"), along with Todd H. Boring ("Boring") and Chrystie Carter ("Carter")[1] intimidated and terrorized Plaintiffs, by *inter alia* shooting large caliber guns with large capacity magazines and stalking Plaintiffs.

2. Due to the constant stalking, threats, and shooting, Plaintiffs feared for their safety on a daily basis.

---

[1] Joint debtors in bankruptcy case no. 23-14890 pending in the United States Bankruptcy Court for the District of Colorado.

3. Plaintiffs and the Debtor are neighbors in a remote area called Ruedi Creek, a few miles past and north of Ruedi Reservoir in Pitkin and Eagle Counties.

4. The Debtor, along with Boring and Carter, initially started their intimidation tactics in an effort to force Wicks and Nicholson out of the neighborhood. When the other Plaintiffs called 911 to report the threatening conduct, the Debtor, along with Boring and Carter, aimed their tactics at the other Plaintiffs.

5. The Debtor's, Boring's, and Carter's intentional stalking and terrorization has caused Plaintiffs' significant and severe emotional damage

6. On or about June 26, 2019, the Plaintiffs commenced an action against the Debtor, Boring and Carter in the District Court in Eagle County, Colorado, Case No. 2019CV30164 (the "State Court Action"). The Plaintiffs asserted claims for intentional infliction of emotional distress (outrageous conduct), nuisance, negligent infliction of emotional distress (alternative claim), and declaratory judgment of easement rights.

7. After trial, a jury found in favor of Golec, Looney, Andrew, Laurie, Drew, and Wicks Plaintiffs and against the Debtor on their claims of (1) extreme and outrageous conduct, (2) negligent infliction of emotional distress (in the alternative), and (3) nuisance. The jury also found for Nicholson on his nuisance claim.

8. Collectively, Plaintiffs obtained judgments against the Debtor in the State Court Action totaling $430,840.00. The judgments are broken down as follows: Golec - $130,000.00; Looney - $60,000.00; Nicholson - $12,090.00; Andrew - $80,000.00, Drew - $5,000.00; Laurie - $88,750.00, and Wicks - $55,000.00 (collectively, the "Judgments").

9. Transcripts of the Judgments were recorded in the real property records of Eagle County, Colorado.

10. In this Adversary Proceeding, Plaintiffs seek to have the Judgments determined to be non-dischargeable in the Debtor's bankruptcy case.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. §§ 157(b).

12. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (I), & (O). Pursuant to Fed. R. Bankr. P. 7008, Plaintiffs consent to entry of final orders or judgment by the Bankruptcy Court.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## FIRST CLAIM FOR RELIEF
**(Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))**
**Golec, Looney, Laurie, Andrew, Drew, and Wicks against the Debtor**

14. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. The Debtor's conduct was extreme and outrageous that he engaged in recklessly and/or with the intent of causing severe emotional distress to Plaintiffs.

16. The Debtor knew or should have known that his conduct would cause Plaintiffs severe emotional distress. Plaintiffs repeatedly informed the Debtor that his conduct was causing them harm, but the Debtor continued to terrorize, harass and intimidate.

17. As a result of the Debtor's conduct, all of the Plaintiffs have suffered severe emotional distress.

18. Judgment entered in favor of Golec, Looney, Laurie, Andrew, Drew, and Wicks and against the Debtor on their claims of (1) extreme and outrageous conduct, (2) negligent infliction of emotional distress (in the alternative), and (3) nuisance.

19. The jury found that Golec, Looney, Laurie, Andrew, Drew, and Wicks proved their claims of extreme and outrageous conduct claim against the Debtor finding that the Debtor's conduct that was so outrageous in character, and so extreme in degree, that a reasonable member of the community would regard the conduct as atrocious, going beyond all possible bounds of decency and utterly intolerable in a civilized community.

20. The jury found in the alternative that Golec, Looney, Laurie, Andrew, Drew, and Wicks proved their claim of negligent infliction of emotional distress against the Debtor finding that (1) the Debtor was negligent, (2) his negligence created an unreasonable risk of physical harm to Plaintiffs, (3) his negligence caused the Plaintiffs to be put in fear for their own safety and such fear was shown by physical consequences or long continued emotional disturbance, rather than only momentary fright, shock, or other similar and immediate emotional distress; and (4) Plaintiffs' fear their injuries.

21. The jury found that Golec, Looney, Laurie, Andrew, Drew, and Wicks proved their nuisance claim against the Debtor finding that the Debtor unreasonably interfered with their use of their property and that the Debtor's interference was substantial in that it would be offensive or cause inconvenience or annoyance to a reasonable person in the community.

22. The amount of the judgments against the Debtor are as follows:

    a)     In favor of Golec - $130,000.00;

    b)     In favor of Looney - $60,000.00;

    c)     In favor of Drew - $5,000.00;

    d)     In favor of Andrew - $80,000.00;

    e)     In favor of Laurie - $88,750.00, and;

   f)  In favor of Wicks - $55,000.00.

## SECOND CLAIM FOR RELIEF
### (Determination of Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))
### Nicholson against the Debtor

23. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

24. The Debtor's conduct constituted a private nuisance because the conduct unreasonably and substantially interfered with Nicholson's use and enjoyment of his property.

25. The Debtor, through his terrorization, intimidation and harassment, deprived Nicholson of his right to the use and enjoyment of their property and have caused personal injury to Nicholson.

26. The Debtor's conduct also constitutes nuisance per se because his shooting of large caliber firearms. Additionally, the Debtor's possession and discharge of a gun with a large capacity magazine violates Colorado's prohibition on large-capacity magazines set forth in C.R.S. § 18-12-302, as well as other Colorado law.

27. As a direct and proximate cause of the Debtor's conduct, Nicholson has suffered significant irreparable and compensatory damages.

28. As a result of the Debtor's conduct, Nicholson suffered severe emotional distress as well as loss of use and enjoyment of his property.

29. A jury returned a verdict in favor of Nicholson on his nuisance claim against the Debtor. The jury found that Nicholson proved his nuisance claim against the Debtor finding that the Debtor unreasonably interfered with Nicholson's use of his property and that the Debtor's interference was substantial in that it would be offensive or cause inconvenience or annoyance to a reasonable person in the community.

30. Judgment was entered in Nicholson's favor against the Debtor in the amount of $12,090.00.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to amend this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiff, and against Individual Defendants on each of the Counts herein as follows:

A. On the First Claim for Relief, an order denying the Debtor a discharge pursuant to 11 U.S.C. § 523(a)(6) of the judgments entered against the Debtor in the State Court Action in favor of Plaintiffs in the following amounts:

      i.      Golec - $130,000.00;

      ii.      Looney - $60,000.00;

      iii.      Drew - $5,000.00;

      iv.      Andrew - $80,000.00;

      v.      Laurie - $88,750.00, and;

      vi.      Wicks - $55,000.00.

B. On the Second Claim for Relief, an order denying the Debtor a discharge pursuant to 11 U.S.C. § 523(a)(6) of the judgement entered in favor of Nicholson and against the Debtor in the amount of $12,090.00;

C. Pre- and post-judgment interest at the rate of 8% per annum;

D. Attorney's fees and costs, and;

E. For such other and further relief this Court deems just and appropriate.

Dated: April 10, 2024.

      COAN, PAYTON & PAYNE, LLC

      By: */s/ Steven T. Mulligan*
      Steven T. Mulligan, #19901
      999 18th Street, Suite S3100
      Denver, CO 80202
      303-861-8888
      smulligan@cp2law.com

      THE FERGUSON SCHINDLER LAW FIRM, P.C.

      By: *Michelle K. Schindler*
      Michelle K. Schindler, #48076
      119 South Spring Street, Suite 201
      Aspen, Colorado 81611
      Telephone: (970) 925-6288
      michelle@fsaspenlaw.com